DOCKET NOS. 14-56104 & 14-56105

In the United States Court of Appeals

for the Ninth Circuit

**PAUMA BAND OF LUISENO MISSION INDIANS OF THE PAUMA & YUIMA RESERVATION**, a/k/a PAUMA LUISENO BAND OF MISSION INDIANS, a/k/a PAUMA BAND OF MISSION INDIANS, a federally-recognized Indian Tribe,

*Plaintiff & Appellee/Cross-Appellant,*

*v.*

**STATE OF CALIFORNIA**; **CALIFORNIA GAMBLING CONTROL COMMISSION**, an agency of the State of California; and **EDMUND G. BROWN, JR.**, as Governor of the State of California,

*Defendants & Appellants/Cross-Appellees,*

---

District Court No. 09-01955 CAB-MDD (S.D. Cal.)
Judges Tallman, Schroeder & Jarvey Retain Jurisdiction [Panel – No. 10-55713]

## REPLY IN SUPPORT OF MOTION TO EXTEND BRIEFING SCHEDULE IN ORDER TO PERMIT RESOLUTION OF PETITION FOR REMAND

Cheryl A. Williams
Kevin M. Cochrane
Williams & Cochrane, LLP
525 B. St., Suite 1500
San Diego, California 92101
T/F: (619) 793-4809
*Attorneys for Plaintiff & Appellee/ Cross-Appellant Pauma Band*

The State Appellants'/Cross-Appellees' ("State") opposition to the Pauma Band of Mission Indians' ("Pauma" or "Tribe") motion to extend the briefing schedule provides no legitimate reason for denying Pauma's common-sense request to defer briefing on the cross-appeals until such time as the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") rules on the pending petition for writ of mandamus and determines whether such appeals are even appropriately before the Court at this juncture. *See In re Pauma Band of Luiseno Mission Indians,* No 14-71981 (9th Cir. July 3, 2014) (questioning appellate jurisdiction and requesting remand to the district court). Nonetheless, Pauma responds to the State's three principal arguments below.

First, the State contends that their right to obtain any future extension of time under "the Streamlined Requests procedure…and by motion under Ninth Circuit Rule 31.2.2(b)" will be prejudiced if Pauma's request is granted. However, Pauma has no intention of using this request as a basis for opposing any future extension sought by the State and hence has no objection to the State reserving that right.

Second, the State argues that Pauma seeks an "'indefinite' extension of the briefing schedule for the cross-appeals" and "any extension of the briefing schedule should be for a definitive period of time or tied to the final disposition of the Petition… rather than 'indefinite.'" Semantics seems to have created a misunderstanding between the parties, unfortunately, as Pauma actually agrees that the extension should only be long enough to accommodate the Ninth Circuit as it resolves the pending petition. The inability to prognosticate how long this process will take is the very reason counsel for

1

Pauma simply requested that the clerk of the court "extend the scheduled deadlines in connection with the appeal for an indefinite period of time *to permit the Ninth Circuit to rule on the pending petition for writ of mandamus*."

Finally, the State claims that any delay of the briefing or hearing on their appeal will prejudice the State if they are unable to convince the Ninth Circuit to maintain the district court's stay of judgment. This argument makes little sense given that the petition requests a remand of the case and would thus render any stay pending appeal moot. However, even if the petition is denied, the State presently has a district court order staying the $36,000,000 money judgment during the pendency of the appeal, will be able to request the same relief from the Ninth Circuit should it overturn the district court's decision (unless the merits panel rules otherwise), and could still post a bond and receive an automatic stay of the monetary judgment under Federal Rule of Civil Procedure 62(d) if the Ninth Circuit denies its request for whatever reason. All of this can occur before December 6, 2014 and none of it is has anything to do with the briefing schedule for the appeal. After all, a stay pending appeal arises from an ancillary proceeding (one that assesses whether the stay factors are met including any alleged irreparable "harm") that occurs well in advance of the actual disposition of the appeal. In light of all this, judicial economy should control and save both parties and the Ninth Circuit from wasting considerable time, effort, and expense on a premature appeal if Pauma's petition is granted after the commencement of the current briefing schedule.

## CONCLUSION

For the foregoing reasons, Pauma respectfully requests an extension of the briefing schedule in line with the parties' agreement set forth above to permit the Ninth Circuit to rule on the pending petition for writ of mandamus. Should this relief be unavailable, then Pauma alternatively requests extensions on all the briefing deadlines of 60 or, should that also not be available, 30 days.

RESPECTFULLY SUBMITTED this 29th day of September, 2014

By: */s/ Cheryl A. Williams*
Cheryl A. Williams
Kevin M. Cochrane
Williams & Cochrane, LLP
525 B. St., Suite 1500
San Diego, California 92101
T/F: (619) 793-4809
*Attorneys for Plaintiff & Appellee/*
*Cross-Appellant Pauma Band*

3

9th Circuit Case Number(s) | 14-56104 & 14-56105

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*******************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 09-29-14 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Cheryl A. Williams

*******************************************************************************

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |